# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| | 03 C 7136 | DATE | April 2, 2004 |
| CASE TITLE | *Marquez v. New Century Mortgage Corporation, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]. New Century's Motion to Dismiss Counts I, II, and III of the Complaint [R. 8-1] is granted. The remaining defendants' Motion to Dismiss Count III [R. 15-1] is also granted. This Court directs the Clerk of the Court to enter Rule 58 judgment and terminate this case from the Court's docket. Enter Memorandum and Order. Status hearing stricken.

(11) ■ [For further detail see attached Memorandum and Order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CANALES JOSE INES MARQUEZ and )
MARIA S. MARQUEZ, )
)
Plaintiffs, )
) Case No. 03 C 7136
v. )
) Judge Blanche M. Manning
NEW CENTURY MORTGAGE )
CORPORATION; TAMAYO )
FINANCIAL SERVICES, INC. )
PRESIDENTIAL TITLE, INC.; )
JUAN TAMAYO, JR.; JOSE TAMAYO; )
LUIS TAMAYO, and DOES 1-5; )
)
Defendants. )

**DOCKETED**
APR 0 5 2004

## MEMORANDUM AND ORDER

Plaintiffs Canales Jose Ines Marquez and Maria S. Marquez bring this three-count Complaint against a mortgage lender, a mortgage broker, and related parties. Counts I and II allege individual and class violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and Regulation Z, 12 C.F.R. § 226, against New Century Mortgage Corporation ("New Century") and the John Doe defendants. Count III alleges violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2 *et seq.*, against all of the named defendants. Before this Court is New Century's Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendants, Tamayo Financial Services, Inc., Presidential Title, Inc., Juan Tamayo, Jr., Jose Tamayo, and Luis Tamayo, have also filed a Motion to Dismiss Count III of the Complaint. For the following reasons, the Court grants New Century's Motion to Dismiss Counts I, II, and III, including the portions of the Complaint which purport to state a claim on behalf of a class.



The Court declines to exercise supplemental jurisdiction over the remaining state law claims in Count III, and therefore, dismisses without prejudice Count III of the Complaint against the remaining defendants.

## I. STANDARD UNDER RULE 12(b)(6)

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *See Flannery v. Recording Indus. Assoc. of Am.*, 354 F.3d 632, 637 (7th Cir. 2004); *Hickey v. O'Bannon*, 287 F.3d 656, 657-58 (7th Cir. 2002). When considering a motion to dismiss, this Court is restricted to reviewing the pleadings, which consist of the complaint, any attached exhibits, and the supporting briefs. *See Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Under Rule 12(b)(6), dismissal is appropriate if there is no possible interpretation of the complaint under which it can state a claim. *See Flannery*, 354 F.3d at 637.

## II. BACKGROUND

Assuming the truth of the facts as alleged in the Complaint, on or about February 27, 2003, the plaintiffs, who are husband and wife, obtained a mortgage loan in the amount of $68,000 from New Century. The plaintiffs were refinancing their mortgage on their home located at 5514 South Hamilton Avenue, Chicago, Illinois. The plaintiffs applied for their mortgage loan with defendant Tamayo Financial Services ("Tamayo Financial"), a mortgage broker. On behalf of the plaintiffs, Tamayo Financial arranged for the mortgage from New Century. Defendant Presidential Title ("Presidential") provided closing services and title insurance. Both Tamayo Financial and Presidential are owned by defendants Juan Tamayo, Jr.,

2

Jose Tamayo, and Luis Tamayo (the "Tamayos").

The plaintiffs allege that the finance charges disclosed in their TILA documents were understated, thus giving them the right to rescind their mortgage from New Century. First, the plaintiffs claim that the cost of their title insurance was not bona fide and reasonable under TILA because Chicago Title quoted a significantly lower amount for title insurance for a refinanced mortgage. Therefore, plaintiffs contend that the cost of their title insurance should have been reflected under the finance charges pursuant to TILA and Regulation Z. Second, the plaintiffs allege that they were overcharged for recording the mortgage with the Cook County Recorders Office. Finally, plaintiffs allege that New Century erroneously charged them for recording a release of a prior mortgage that was already recorded and paid for by a prior lender, CitiFinancial Mortgage. However, attachments to the Complaint indicate that there were two prior mortgages on the plaintiffs' home at 5514 South Hamilton.[1]

In any event, the plaintiffs contend that the exclusion of these charges from the disclosed finance charges resulted in their finance charges being understated in excess of the tolerance for accuracy of one half of one percent of the loan principal under TILA. *See* 15 U.S.C. § 1605(f); Regulation Z, 12 C.F.R. § 226.23(g)(1). Therefore, the plaintiffs seek to rescind their mortgage.

---

[1] After reviewing the Complaint and attached exhibits, *see Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002), the Court notes that there were two prior mortgages on the plaintiffs' home at 5514 South Hamilton Avenue. The other mortgage with LaSalle Bank Lake View was released after the plaintiffs' refinanced with New Century. Accordingly, any such claim that the $26.50 was erroneously charged for recording a release because there was only one prior mortgage must fail. *See* Complaint, Exs. C, H, and I. The Court also notes that the exhibit which plaintiffs assert is CitiFinancial's payoff letter, Exhibit I, is actually a payoff quote given to Tamayo Financial.

## III. ANALYSIS

The purpose of TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *See* 15 U.S.C. § 1601(a); *see also Carmichael v. The Payment Ctr., Inc.*, 336 F.3d 636, 639 (7th Cir. 2003) ("Act's main purpose is to allow consumers to compare credit rates so that they may make an informed use of credit"). Under TILA and Regulation Z, lenders are required to make disclosures to consumers regarding the charges and fees that accompany the extension of credit. *See O'Brien v. J.I. Kislak Mortgage Corp.*, 934 F.Supp. 1348, 1356 (S.D. Fla. 1996). Accordingly, lenders must disclose finance charges to ensure that the costs of securing credit are not obscured or hidden. *See id.* Where a lender does not accurately disclose finance charges, a plaintiff may bring a TILA action for the equitable remedy of rescission. *See Quinn v. Ameriquest Mortgage Co.*, 03 C 5059, 2004 WL 316408, at *4 (N.D. Ill. Jan. 26, 2004).

Regulation Z lists charges associated with real estate transactions that are excluded from the definition of "finance charges", including fees for title insurance, as long as these fees are bona fide and reasonable. *See* 12 C.F.R. § 226.4(c)(7)(i). Here, the plaintiffs argue that the $665.00 they paid for title insurance was not bona fide and reasonable, and therefore, should have been listed under the finance charge section of their TILA documents. As such, they contend that by failing to include the $665.00, New Century understated their finance charges in violation of TILA.

To dissuade plaintiffs from attempting to rescind mortgages as a result of minor TILA

4

violations, Congress amended the statute to allow for finance charges to be considered accurate if the "amount disclosed as the finance charge does not vary from the actual finance charge by more than an amount equal to one half of one percent of the total amount of credit extended." *See Walker v. Gateway Fin. Corp.*, 286 F.Supp.2d 965, 967 (N.D.Ill. 2003) (citing 15 U.S.C. § 1605(f)); *see also* 12 C.F.R. § 226.23(g) (tolerances of accuracy regulation). Therefore, this Court turns to whether the disclosed finance charges in the plaintiffs' TILA documents fell within the permissible range of tolerance, that is, one half of one percent.

The plaintiffs' mortgage note indicates that they borrowed $68,000. Thus, one half of one percent of the total amount of credit extended equals $340.00. Simply put, the plaintiffs have the right to rescind their mortgage if the disclosed finance charge was understated by more than $340.00. As mentioned, the plaintiffs contend that their title insurance fees should have been included in the finance charge and thus, the finance charges indicated in their TILA documents were understated by $665.00.

The plaintiffs' calculation, however, fails to take into account that the $665.00 they were charged for title fees must be subtracted by what the plaintiffs claim to be a bona fide and reasonable amount, or $349.95, which is Chicago Title's rate for a refinanced mortgage. *See Walker*, 286 F.Supp.2d at 968; *see also Quinn*, 2004 WL 316408, at *3-4. In other words, subtracting $349.95 from what the plaintiffs actually paid takes into account the amount of title fees that the plaintiffs contend are bona fide and reasonable – fees that are properly excluded from the finance charges pursuant to 12 C.F.R. § 226.4(c)(7)(i). *See Scott v. Indymac Bank*, 03 C 6489, 2004 WL 422654, at *2 (N.D. Ill. Feb. 3, 2004) ("inclusion of the actual amount would render the tolerance meaningless"). Thus, the Court subtracts $349.95 from $665.00, which

5

equals $315.05, an amount that is less than the $340.00 required to rescind the mortgage under TILA. Even if this Court were to include the $6.00 representing the extra money paid for recording the mortgage, the alleged understatement is still in the permissible range of the tolerance for accuracy. *See* 12 C.F.R. § 226.23(g)(1).

Finally, any finance charges disclosed to the plaintiffs must be reduced by the charges that should not have been included in their TILA documents, *see* 12 C.F.R. 226.4(c)(7)(ii), which includes a "settlement fee" in the amount of $285.00 that was paid to Brokers Title Insurance Company. *See Scott*, 2004 WL 422654, at *3. Reducing the finance charge by this additional amount makes New Century's alleged understatement of the finance charges simply *de minimis*.

Accordingly, the plaintiffs' Complaint fails to state a TILA claim against New Century and the John Doe defendants, and thus Counts I and II are dismissed with prejudice. Because compliance with TILA precludes liability under the Illinois Consumer Fraud Act, the Court also dismisses with prejudice Count III against New Century. *See Jarvis v. South Oak Dodge, Inc.*, 201 Ill.2d 81, 89-90, 265 Ill.Dec. 877, 773 N.E.2d 641 (Ill. 2002); *Jackson v. South Holland Dodge, Inc.*, 197 Ill.2d 39, 46, 258 Ill.Dec. 79, 755 N.E.2d 462 (Ill. 2001).

Because the TILA claims are the only basis for the Court's subject matter jurisdiction as to the remaining defendants, this Court declines to exercise supplemental jurisdiction over the remaining state law claims in Count III. *See* 28 U.S.C. § 1367; *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("It is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"). Therefore, Count III as to Tamayo Financial, Presidential, and the Tamayos is dismissed without prejudice.

6

## V. CONCLUSION

For the foregoing reasons, New Century's Motion to Dismiss Counts I, II, and III of the Complaint [R. 8-1] is granted. The remaining defendants' Motion to Dismiss Count III [R. 15-1] is also granted. This Court directs the Clerk of the Court to enter Rule 58 judgment and terminate this case from the Court's docket.

DATE: APR 0 2 2004

Blanche M. Manning
United States District Judge