# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| | 03 C 7136 | **DATE** | July 20, 2004 |
| **CASE TITLE** | *Marquez v. New Century Mortgage Corporation, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]. The court denies the plaintiffs' Motion for Reconsideration [R. 28-1]. The court also denies the plaintiff's Motion for Leave to Amend the Complaint [R. 28-2].

(11) ■ [For further detail see attached Memorandum and Order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 27 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 36 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| RTS/s | courtroom deputy's initials | 2004 JUL 27 AM 7:16 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANALES JOSE INES MARQUEZ and<br>MARIA S. MARQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>NEW CENTURY MORTGAGE<br>CORPORATION; TAMAYO<br>FINANCIAL SERVICES, INC.<br>PRESIDENTIAL TITLE, INC.;<br>JUAN TAMAYO, JR.; JOSE TAMAYO;<br>LUIS TAMAYO; and DOES 1-5,<br><br>Defendants. | Case No. 03 C 7136<br><br>Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

### I   INTRODUCTION

Plaintiffs Canales Jose Ines Marquez and Maria S. Marquez brought a three-count Complaint against a mortgage lender, a mortgage broker, and related parties. Counts I and II alleged individual and class violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and Regulation Z, 12 C.F.R. § 226, against New Century Mortgage Corporation ("New Century") and the John Doe defendants. Count III alleged violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2 *et seq.*, against all of the named defendants. The court granted New Century's Motion to Dismiss Counts I, II, and III, including the portions of the Complaint which purported to state a claim on behalf of a class. The court then declined to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. Before this court is the plaintiffs' Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and

36

plaintiffs' Motion for Leave to Amend the Complaint pursuant to Rule 15(a).

## II. MOTION FOR RECONSIDERATION

Motions under Rule 59(e) serve the limited function of allowing the court to correct manifest errors of law or fact or consider newly discovered material evidence. *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (manifest error is wholesale disregard, misapplication, or failure to recognize controlling precedent). In other words, Rule 59(e) does not allow a party the opportunity to undo its own failures or present new evidence or arguments that should have been presented earlier. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

For purposes of this order, the court will presume familiarity with its prior decision granting the motion to dismiss. Here, the plaintiffs argue that the court erred by: (1) using the Chicago Title insurance rate when calculating the tolerance for accuracy under TILA; (2) calculating the rescission tolerance at the motion to dismiss stage; and (3) subtracting the $285 settlement fee when determining the rescission tolerance. The court will address each argument in turn.

### A. Chicago Title Insurance Rate

First, the plaintiffs argue that this court erred by using the Chicago Title insurance rate of $349.50 as a "reasonable" rate under 12 C.F.R. § 226.4(c)(7). They contend that they did not allege that this was a reasonable and bona fide amount. Instead, they claim that they "merely included Chicago Title's quote to show that the amount defendants charged was much greater,

2

and thus not bona fide or reasonable."

The court finds plaintiffs' argument disingenuous. In the Complaint, the plaintiffs alleged: "Chicago Title, a much larger and more substantial company, quotes a basic rate of $466.60 for the save coverage. (Exhibit G) Furthermore, it has a refinancing rate of about 75% of the basic rate." (Compl. ¶ 20). Later in the Complaint, the plaintiffs refer to the Chicago Title rate: "A fee for title insurance paid to an entity related to the mortgage broker and nearly twice the fee quoted by a company with greater ability to pay is not 'bona fide and reasonable in amount' and not excluded from the finance charge. On the contrary, it is a disguised broker fee and thus a finance charge." (Compl. ¶ 30). If the plaintiffs did not want the court to use the Chicago Title insurance rate as a benchmark, why did they bring it to the court's attention by alleging the rate in their Complaint? The plaintiffs' illogical argument simply does not satisfy the Rule 59(e) standard.

### B.     Rescission Tolerance Determination

Based on the premise that the plaintiffs did not invite the court to use the Chicago Title rate to calculate the rescission tolerance, the plaintiffs claim that this court erred by calculating the rescission tolerance on a Rule 12(b)(6) motion. First, the court unequivocally rejects the plaintiffs' claim that they included the Chicago Title insurance rate merely to show that New Century's rate was much greater. Second, courts in this district have expressly applied and calculated the rescission tolerance in Rule 12(b)(6) and Rule 12(c) motions. *See, e.g., Scott v. Indymac Bank*, 03 C 6489, 2004 WL 422654, at *2 (N.D. Ill. Feb. 3, 2004); *Quinn v. Ameriquest Mortgage Co.*, 03 C 5059, 2004 WL 316408, at *3-4 (N.D. Ill. Jan. 26, 2004); *Walker v. Gateway Fin. Corp.*, 286 F.Supp.2d 965, 967 (N.D.Ill. 2003). Further, the plaintiffs' argument

that this court erred by calculating the rescission tolerance without "the reception of evidence" is simply incorrect. The court based its calculations on materials provided by the plaintiffs, including the mortgage documents that were attached as exhibits to their Complaint. As such, plaintiffs' argument fails.

### C. Settlement Fees

Finally, the plaintiffs argue that the court erred by subtracting the cost of settlement fees when calculating the tolerance for accuracy. They also contend that such a calculation was not appropriate at the motion to dismiss stage of the proceedings. Plaintiffs are merely rehashing the same arguments made in their memorandum opposing New Century's motion to dismiss. *See Oto*, 224 F.3d at 606 (Rule 59 motions not vehicle to reargue rejected motions). In any event, even if the $285 was not subtracted from charges, the alleged understatement was still in the permissible range of the tolerance for accuracy. *See* 12 C.F.R. § 226.23(g)(1).

In sum, because the plaintiffs have failed to establish that this court disregarded, misapplied, or failed to recognize controlling precedent or facts or that there is newly discovered material evidence, this court, in its discretion, denies the plaintiffs' Motion for Reconsideration. *See Oto*, 224 F.3d at 606. One final note, the court reminds plaintiffs' counsel that district court orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure", *see Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1985), and that the undertaking of such a motion must be done with care and concern for judicial resources.

## III. MOTION FOR LEAVE TO AMEND THE COMPLAINT

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be freely given when justice requires. The right to amend, however, is not absolute. *See Brunt v.*

4

*Service Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002). Before a judgment has been entered, a district court may deny a plaintiff's leave to amend if there is undue delay, bad faith, dilatory motive, undue prejudice, or if the amendment is futile. *See Park v. City of Chicago,* 297 F.3d 606, 612 (7th Cir. 2002).

Pursuant to this standard, New Century argues that the plaintiffs' proposed amendment would be futile. This court, however, need not decide whether the plaintiffs' mended complaint would be futile because after a court has entered a final judgment, "a plaintiff may amend a complaint under 15(a) only with leave of court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated." *Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992); *see also Sparrow v. Heller,* 116 F.3d 204, 205 (7th Cir. 1997) (court can deny plaintiff's motion to amend complaint after judgment entered on the ground that the plaintiff did not first move to set aside judgment). Because this court has rejected the plaintiffs' claims in their Rule 59(e) motion, and thus has not vacated or set aside the judgment, the court denies the plaintiffs' request to amend the complaint.

Even if the plaintiffs had established a basis for relief under Rule 59(e), their motion for leave to amend would still be denied under Rule 15(a) on the ground of undue delay because they failed to explain why they did not move to amend the complaint prior to judgment. *See Figgie,* 966 F.2d at 1181. Here, the plaintiffs' amended complaint contains additional allegations that were known to the plaintiffs before the judgment was entered, yet the plaintiffs give no explanation as to why they did not allege these facts in the first instance. (*See* Amend. Compl. ¶ 21). Thus, the plaintiffs' attempt to amend the allegations constitutes undue delay and possible prejudice to the defendants. *See id.*

In essence, the plaintiffs are attempting to cure the deficiencies of their Complaint by removing the Chicago Title insurance rate information and alleging that the fees charged were not "bona fide" after this court highlighted the Complaint's deficiencies when granting the motion to dismiss. "Trying to change the rules when the game seems to be going badly is not a tactic that district judges are obliged to facilitate." *Archer Daniels Midland Co. v. Hartford Fire Ins. Co.*, 243 F.3d 369, 374 (7th Cir. 2001). Therefore, the court, in its discretion, denies the plaintiffs' Rule 15(a) motion.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiffs' Motion for Reconsideration [R. 28-1]. The court also denies the plaintiff's Motion for Leave to Amend the Complaint [R. 28-2].

**ENTER:**

Blanche M. Manning
United States District Judge

DATE: 7-20-04